17-894
Yuan v. Barr

BIA
Christensen, IJ
A205 033 736

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of March, two thousand nineteen.

PRESENT:
        BARRINGTON D. PARKER,
        RAYMOND J. LOHIER, JR.,
        CHRISTOPHER F. DRONEY,
                *Circuit Judges.*
_____

JIANG YUAN,
        *Petitioner,*

        v.                                      17-894
                                                NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:          Vincent S. Wong, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Anthony P.
                         Nicastro, Assistant Director;
                         Sabatino F. Leo, Trial Attorney,
                         Office of Immigration Litigation,
                         United States Department of
                         Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jiang Yuan, a native and citizen of the People's Republic of China, seeks review of a February 28, 2017 decision of the BIA affirming a July 8, 2016 decision of an Immigration Judge ("IJ") denying Yuan's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jiang Yuan,* No. A 205 033 736 (B.I.A. Feb. 28, 2017), *aff'g* No. A 205 033 736 (Immig. Ct. N.Y. City July 8, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review adverse credibility determinations under a substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). The

2

governing REAL ID Act credibility standard provides as follows:

> Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the consistency between the applicant's or witness's written and oral statements . . . the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . and any inaccuracies or falsehoods in such statements, . . . or any other relevant factor.

8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167; *see* 8 U.S.C. § 1252(b)(4)(B). As discussed below, substantial evidence supports the agency's determination that Yuan was not credible.

As the IJ found, Yuan's testimony and his asylum application were inconsistent in several material aspects. First, his testimony that he had never attended a government-supported church in China contradicted his statements in his application that he did attend a government-supported church a few times after his village

3

church fell into disrepair.  Second, his testimony that he and fellow church members did not renovate their private Catholic church because they feared arrest and hostility from Buddhist villagers contradicted the statements in his application, in which he stated that a government official prohibited renovation of the church.  Third, Yuan's application stated that he fired the employee who reported him to police on that employee's first day of work (in 2010), but Yuan testified that the employee had worked for him since 2008, then that the employee worked for him for 10 or 20 days before reporting him to the police, and that he could not remember when he hired the employee.

The agency reasonably concluded that these inconsistencies called into question the entirety of Yuan's claim as they relate to his religious practice and the main incident of alleged persecution.  *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence.").  The IJ was not required to accept Yuan's explanation that he

4

could not remember the events in question, especially because they were included in the application and Yuan did not provide evidence that he suffered injuries affecting his memory.  *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

The IJ's negative demeanor finding bolsters the adverse credibility ruling.  8 U.S.C. § 1158(b)(1)(B)(iii) (adverse credibility ruling may be based on "demeanor, candor, or responsiveness").  The IJ found that when Yuan was questioned about his attendance at a government church, he "appeared to be struggling to come up with a viable explanation rather than testifying from actual memory."  We generally defer to such demeanor findings because the IJ is "in the best position to evaluate whether apparent problems in the witness's testimony suggest a lack of credibility or, rather, can be attributed to an innocent cause such as difficulty

5

understanding the question." *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005).

The agency reasonably concluded that Yuan's credibility was further undermined by his lack of reliable corroboration. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). Yuan did not fully explain why he failed to submit a letter from his parents, who allegedly bailed him out of detention and who were practicing Catholics themselves. Yuan also failed to submit any evidence that he owned a business in China, any letters from the members of his Catholic church in China, or any letters or testimony from individuals at his church in the United States. The IJ reasonably accorded diminished weight to Yuan's medical record and arrest warrant because these items were not authenticated; in particular, Yuan could not explain how he came to possess the arrest warrant. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 342 (2d Cir. 2006) (finding that the weight afforded to

6

an applicant's evidence in immigration proceedings "lies largely within the discretion of the IJ" (internal quotation marks and brackets omitted)).

In sum, the inconsistencies between Yuan's testimony and application, combined with the negative demeanor finding and lack of reliable corroboration, provide substantial evidence for the adverse credibility ruling. *See Xiu Xia Lin*, 534 F.3d at 167. Because all of Yuan's claims were based on the same factual predicate, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7